UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL BALBO,<br><br>    Plaintiff,<br><br>    vs.<br><br>JAMES TILTON, et al.,<br><br>    Defendants. | 1:07-cv-01715-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO RECOGNIZE ACTION AS A PETITION FOR WRIT OF HABEAS CORPUS and DENYING APPOINTMENT OF COUNSEL<br>(Doc. 15)<br><br>ORDER DISREGARDING NOTICE OF APPEAL AS PREMATURE<br><br>ORDER FOR CLERK TO SEND A COPY OF THIS ORDER TO THE NINTH CIRCUIT |

Plaintiff, John Michael Balbo ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Now pending is plaintiff's motion for the court to recognize this action as a petition for writ of habeas corpus; motion for appointment of counsel; and notice of appeal. (Doc. 15.)

**I.    RELEVANT PROCEDURAL HISTORY**

Plaintiff, a state prisoner, filed the complaint commencing this action on August 16, 2007, at the United States District Court for the Northern District of California. On October 23, 2007, the court transferred this action to the United States District Court for the Eastern District of California, and the case was received by this court on November 28, 2007. (Doc. 1.) On January 31, 2008, the court granted plaintiff leave to proceed in forma pauperis and directed the California Department of Corrections ("CDC") to arrange for payment of plaintiff's $350.00 filing fee by deductions from

plaintiff's prison trust account, pursuant to 28 U.S.C. 1915(b). (Doc. 13.) On March 3, 2008, plaintiff filed a motion for the court to recognize this action as a petition for writ of habeas corpus; motion for appointment of counsel; and notice of appeal. (Doc. 15.)

## II.    DISCUSSION

### A.    Plaintiff's Motion for Habeas Corpus Action

Plaintiff requests the court to recognize this action as a petition for habeas corpus. Plaintiff states that he intended to file a habeas corpus action, but the prison law library did not supply the appropriate forms when he requested them. Plaintiff also requests the court to vacate its order collecting the $350.00 filing fee for a civil rights action from plaintiff's prison trust account. Plaintiff argues that he did not authorize the court to collect these monies from his account. Alternatively, plaintiff now authorizes the court to collect payment of the $5.00 filing fee for a habeas corpus action.

A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). While challenges to a state court's incarceration of a petitioner or the length of that incarceration are proper in a petition for writ of habeas corpus, challenges to the *conditions of prison life* are properly brought under 42 U.S.C. § 1983. See McCarthy v. Bronson, 500 U.S. 136, 142 (1991); Preiser v. Rodriguez, 411 U.S. 475, 498-99 n.15 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The court has thoroughly reviewed plaintiff's complaint, and none of plaintiff's allegations challenge his custody or the length of his incarceration. In the complaint, plaintiff alleges that his constitutional rights of access to the courts have been violated by defendants under the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments, and that his rights to due process and equal protection have been violated. Plaintiff also makes vague allegations of adverse conditions of confinement, due to alleged misconduct by prison officials in performing their job duties at the prison. Plaintiff's allegations clearly challenge the *conditions of prison life* and not whether he is in custody in violation of the Constitution. Based on the nature of plaintiff's allegations, plaintiff's action is a civil rights complaint under 42 U.S.C. § 1983, and not a petition for writ of habeas corpus. Therefore, the court shall deny plaintiff's motion for the court to recognize this action as a petition for writ of habeas corpus.

With regard to plaintiff's argument that he did not authorize payment of the $350.00 filing fee from his prison trust account, plaintiff is advised that the court is required by statute to assess and collect payment of the filing fee from prisoners who are granted leave to proceed in forma pauperis in a civil action. See 28 U.S.C. 1915(b). No authorization by plaintiff is required. Nevertheless, plaintiff did give his authorization when he signed his application to proceed in forma pauperis and filed it with the court on January 14, 2008. (Doc. 10.) The application, signed by plaintiff on January 5, 2007, clearly states: "I hereby authorize the agency having custody of me to collect from my trust account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. section 1915(b)(2)." Id. at 2.  Based on these facts, the court shall deny plaintiff's request for the court to vacate its order collecting the $350.00 filing fee from plaintiff's trust account.

### B.  Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances.  See Rand, 113 F.3d at 1525.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Therefore, plaintiff's request for the appointment of counsel shall be denied.

### C.  Notice of Appeal

In the motion filed on March 3, 2008, plaintiff states: "[P]etitioner hereby does in fact give formal notice of appeal to the Ninth Circuit Court of Appeals. . . " (Motion at p. 8.)  In this appeal, plaintiff seeks appointment of counsel by the appellate court; plaintiff argues that he requires representation at this juncture because the jailhouse lawyer who previously assisted plaintiff is no longer

1  available. Id. Plaintiff also seeks a decision on appeal allowing him to proceed with this case as a
2  habeas corpus action, with a $5.00 filing fee. (Motion at p. 9, 10.) Plaintiff requests that "all papers on
3  file with this court be kept and preserved . . . until such time [as] the higher [court] does review them
4  and renders a decision on my appeal . . ." (Motion at p. 9.)

5  Plaintiff's appeal is premature. Plaintiff anticipates a challenge on appeal to orders by the district
6  court resolving matters that were still pending at the time he filed the notice of appeal on March 3, 2008.
7  Plaintiff's appeal challenges decisions which the district court renders herein, in the instant order.
8  Should plaintiff wish to appeal the decisions rendered in the instant order, he may file a new notice of
9  appeal after the instant order is issued. Based on these facts, the court shall disregard plaintiff's notice
10 of appeal as premature.

11 **III.   CONCLUSION AND ORDER**

12 Based on the foregoing analysis, the court shall deny plaintiff's motion for the court to recognize
13 this action as a petition for writ of habeas corpus; deny plaintiff's motion for appointment of counsel;
14 and disregard plaintiff's notice of appeal as premature.

15 Accordingly, IT IS HEREBY ORDERED that:
16 1.   Plaintiff's motion for the court to recognize this action as a petition for writ of habeas
17      corpus is DENIED;
18 2.   Plaintiff's motion for appointment of counsel is DENIED;
19 3.   Plaintiff's notice of appeal is DISREGARDED as premature, without prejudice; and
20 4.   The Clerk is DIRECTED to send a copy of this order to the Ninth Circuit.

22 IT IS SO ORDERED.

23 Dated:   **April 11, 2008**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE