IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Michael Balbo, | No. CV 07-1715-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| James E. Tilton, et al., | |
| Defendant. | |

Pursuant to the previous orders of the Court, Plaintiff had until September 15, 2009, a time extended from August September 2, 2009, within which to file a second amended complaint to cure the deficiencies noted in his prior complaints. His first complaint was dismissed by order of April 11, 2008, which noted the specific deficiencies in his generalized complaint against prison officials. (Doc. # 17.) His was given leave to file an amended complaint. The case was later transferred to the undersigned judge, and the amended complaint was also found insufficient by order of July 31, 2009 (doc. # 24), the Court noting that Plaintiff had done nothing to cure the previously noted deficiencies. Plaintiff was given until September 2, 2009, to file a further amended complaint and warned explicitly that this was his "**one final opportunity to amend.**" (Doc. # 24 at 3, emphasis in original.)

Rather than complying with that order, Plaintiff sought an extra 60 days to amend. (Doc. # 23.) Though no justification was shown, Plaintiff's time to file a further amended complaint was extended to September 15, 2009, and Plaintiff was again explicitly warned,

1  "If a further complaint is not filed by that date, this action will be dismissed with prejudice
2  without further notice to plaintiff."  (Doc. # 24 at 2.)  Plaintiff did not file or mail a further
3  amended complaint.

4      The Clerk received on October 1, 2009, an Emergency Motion which was not filed
5  or mailed within the September 15, 2009 deadline.  Though the Motion does not state when
6  it was given to prison officials, it is dated "9/16/09", but the "16" is written over a blacked-
7  out different date.  It is not believable that the motion was delivered to prison officials for
8  mailing on September 16, 2009, and did not reach the Clerk until October 1, 2009.  In any
9  event, it does not matter, for even if delivered on September 16, 2009, the Emergency Motion
10 exceeds the deadline.

11     The Emergency Motion asserts general inability to prepare a further amended
12 complaint.  Yet the supposed facts to support a specific amended complaint are entirely
13 within the knowledge of Plaintiff.  With the assistance of the Court's two prior screening
14 orders, Plaintiff needs only his memory and truthfulness to be able to write a sufficient
15 complaint, if there are true facts to support one.  Plaintiff has had three chances and two years
16 to come up with a pleading that complies with the clear warnings and directions of the Court.
17 There is no justification for a further delay.

18     IT IS THEREFORE ORDERED that Plaintiff's Emergency Motion (doc. # 25) is
19 denied.

20     IT IS FURTHER ORDERED pursuant to the orders of July 31, 2009, and August 27,
21 2009, (doc. # 22, 24) that the Clerk enter judgment dismissing this action with prejudice for
22 failure to state a claim upon which relief can be granted.  The Clerk shall terminate this
23 action.

24     DATED this 6th day of October, 2009.

25

26                                       _/s/ Neil V. Wake_____
                                            Neil V. Wake
27                                            United States District Judge

28